UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America<br>*Plaintiff* | *<br>*<br>* |
| v. | * Criminal Case No.: 24-CR-222-1(TEB)<br>* |
| Ruth Nivar<br>*Defendant* | *<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS SENTENCING MEMORANDUM.

In the instent case the defendant, in her plea agreement, agreed that the estimated Sentencing Guidelines Range was between 24 to 30 months with an estimated fine range of $10,000.00 to $95,000.00. The defendant was free to argue a Criminal History Category different from that of Category I. The defendant reseved the right to seek a sentence below the Estimated Guidelines Range based upon the factors pursuant to 18 U.S.C. §3553(a).

In this case the most important factor to consider is §3553(a)(1), the nature and circumstances of the offense and characteristics of the defendant. Attached to this memorandum is a letter from the defendant addressing her involvement in the offenses and expressing her remorse and consciuosness of wrongdoing. Her regret and remorse are genuine. It is important to note that her primary goal was to help needy individuals including those struggling to obtain essential services such as Medicaid and those who were unable to obtian or were frustrated in obtaining services because of the language barriers. Initially, Ms. Nivar devoted her free time and off work hours to helping these vulnerable people by provoding her services free of charge. This enabled these

vulnerable persons to in effect obtain services and benefits faster than had they availed themselves of the normal channels available to them within the framework of the formal application process. After having helped numerous persons free of charge, one of Ms. Nivar's clients offered Ms. Nivar a fee as a recognition of the accelerated benefit which she received free of the bureaucracy and normal waiting period inherent in the recognized and legal application process. As word got around that Ms. Nivar was offering fast and easy services and that she could communicate in Spanish, such a service became very attractive to persons in need of these services. Thereafter, Ms. Nivar was approached by many persons who offered and were willing to pay for these services. Her clients were well satisfied with the services for which they paid and they did not complain to the authorities about these activities. In their grand jury testimony they expressed no complaints about the services received nor did they believe that they suffered any wrongdoing. Finally, as to the history and characteristics of the defendant, pursuant to 18 U.S.C. §3553(a)(1), the Court should consider the fact that the offenses relied upon in the presentence report are the very minor offenses of two misdemeanors of disorderly conduct and petit larceny which were convictions dating from 23 and 18 years ago. The Court should not give great consideration to such old and minor offenses when assessing the history and characteristics of the defendant as these offenses are in no way reflective of the current Ms. Nivar who appears before this court for sentencing. This is a significant factor justifying a reduction in any contemplated sentence. Additionally, the attached letter of Ms. Nivar as well as the letters attached hereto from these who know Ms. Nivar indicate a very different person than that portrayed by very minor misdemeanors committed long ago.

Given these circumstances it was easy for Ms. Nivar at the time to rationalize her actions and to justify her illegal activities in the knowledge that she was, after all, helping people who desperately needed the benefits she was able to procure. At the time these circumstances outweighed her better judgment as she always understood that, notwithstanding the desires of her clients, she was nevertheless breaking the law even if she was providing a benefit. The charges in this case caused Ms. Nivar to realize in the most difficult way possible that she could not and should not have accepted these illegal gratuities. Her attached letter, which she wrote without the assistance of counsel or anyone else, expresses the depth of her remorse and acceptance of her activities as being wrong. This set of circumstances goes well beyond the black and white allegations contained in the indictment and shed light on the actual nature and circumstances of the offense as well as Ms. Nivar's true concern for assisting vulnerable people in need. While extortion in many cases implies or involves an evil motive designed to extract an unjustified benefit from another person, that term is not quite appropriate in the circumstances of this case. Ms. Nivar's actions, while illegal, were not designed or intended by Ms. Nivar to victimize uncooperative or unwilling victims. This factor is an important consideration in weighing §3553(a)(1) in Ms. Nivar's favor and is a factor which justifies a lesser sentence than that which is recommended in the presentence investigation report.

A second important consideration is 18 U.S.C. §3553(a)(6) which is the need to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct. In this regard, the presentence investigation report, at paragraph 160, went to great statistical detail to note that of 80 defendants with a guideline of §2C1.1 and a Final Offense Level of 17 and a Criminal History Category of

I, the average sentence was 13 months and the median sentence was 12 months. This, for some unexplained reason, conflicts with and is inconsistent with the ultimate recommendation of the presentence investigation report which was substantially greater. Ms. Nivar believes and asserts that this should be a substantial consideration in the sentence ultimately imposed by this Court.

_____
Richard Basile, Esq.
The Law Office of Richard Basile
CPF # 7806010005
6305 Ivy Lane, Suite 510
Greenbelt, MD 20770
P: (301) 441-4900
F: (301) 441-2404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 9 day of April, 2025, a copy of the foregoing Defendants Sentencing Memorandum was sent via mail and/or email to:

Madhu Chugh
U.S. Department of Justice
Patrick Henry Building
601 D St. N.W.
Washington, D.C. 20004
Madhu.chugh@usdoj.gov

_____
Richard Basile, Esq.
The Law Office of Richard Basile
CPF # 7806010005
6305 Ivy Lane, Suite 510
Greenbelt, MD 20770
P: (301) 441-4900
F: (301) 441-2404
rearsb@gmail.com