**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Criminal Action No. 24-222 (JEB)** |
| **RUTH NIVAR,** | |
| **Defendant.** | |

**MEMORANDUM OPINION AND ORDER**

Defendant Ruth Nivar is projected to be released from a 24-month prison sentence at the end of this year.  In January, Nivar's sister — Amparo Nuñez — transitioned to hospice care with a three-to-six-month survival prognosis.  The sisters shared a close and lifelong bond. Nivar, wanting to support Nuñez and her family in this final chapter, wrote this Court *pro se* to ask for a sentence reduction or release.  See ECF No. 102 (Letter).  Her letter was not initially docketed because it was not tied to an outstanding motion.  A month later, it was entered as a Motion for Compassionate Release.  See ECF No. 104 (Mot.) at ECF p. 1.  Nivar's reasons for release were caring for a terminally ill sister, good behavior, and rehabilitation.  Id.  The Court instructed the Government to file a response, Minute Order of Feb. 23, 2026, but in that intervening period, Nuñez unfortunately succumbed to her cancer.  Nivar subsequently renewed her previous petition for release, or alternatively a one-week furlough, to attend her sister's funeral services.  See ECF No. 105 (Supp.).  However reasonable a request for a temporary furlough in her circumstances may be, it is now moot as the funeral has already taken place; in any event, it needed to be directed to the Bureau of Prisons.  Although the loss of her sister to cancer is real and tragic, Nivar's primary "extraordinary" reason for release — caring for a family member — is now also moot.  For these reasons, this Court must deny the Motion.

1

## I.     Legal Standard

Federal courts "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), aside from "a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526 (2011). One such exception provides for compassionate release, which defendants may seek after exhausting administrative remedies. See 18 U.S.C. § 3582(c)(1)(A) (as modified by First Step Act of 2018). That exception allows a court to reduce a final sentence "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. "As the moving party, the defendant bears the burden of establishing that [s]he is eligible for a sentence reduction under § 3582(c)(1)(A)." United States v. Johnson, 619 F. Supp. 3d 81, 88 (D.D.C. 2022) (quoting United States v. Long, 2021 WL 3792949, at *1 (D.D.C. Aug. 26, 2021)).

The Commission acknowledges that family circumstances of a defendant can constitute an "extraordinary and compelling reason[]" to reduce her sentence. See U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(A)–(D) (U.S. Sent'g Comm'n 2025). As relevant here, "incapacitation of the defendant's" immediate family member "when the defendant would be the only available caregiver for" that family member may qualify as such a reason justifying compassionate release. Id. The Guidelines also allow for a sentence reduction when the facts of the case present a "circumstance or combination of circumstances that . . . are similar in gravity" to those enumerated in Section 1B1.13(b)(1)–(4). Id., § 1B1.13(b)(5). Regardless of the specific justification, however, an "extraordinary reason must be most unusual, far from common, and having little or no precedent. And a compelling reason must be both powerful and convincing." United States v. Jenkins, 50 F.4th 1185, 1197 (D.C. Cir. 2022) (cleaned up); see also United

States v. Jackson, 26 F.4th 994, 1001–02 (D.C. Cir. 2022) (noting that reason that is commonly applicable outside prison population is not extraordinary or compelling).

If the court finds that extraordinary and compelling reasons merit early release, it must then consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). When the factors do allow it, a court may then reduce the sentence to the extent permitted. Id.

## II.    Analysis

A defendant-movant must first exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." Id. As "Section 3582(c)(1)(A) is a nonjurisdictional claim-processing rule," this Court "assumes without deciding" that Nivar "properly exhausted as to each of [her] grounds for compassionate release." United States v. Wilson, 77 F.4th 837, 841 (D.C. Cir. 2023). Indeed, the Court "need not resolve exhaustion when, even assuming the defendant has properly exhausted [her] request, [her] motion fails on the merits." United States v. Lawson, 2022 WL 2663887, at *4 (D.D.C. July 11, 2022) (cleaned up).

Nivar's first Motion sought release to support her family and care for her terminally ill sister. See Mot. at ECF p. 1. Although Nivar's family circumstances have changed, they did not appear to fit the narrow exception required by the Commission because Defendant did not claim to "be the only available caregiver for" her sister. See U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(D). After her sister's passing, she renewed her Motion in order to attend the funeral services. See Supp. at ECF p. 1. That circumstance is now moot since the funeral has already taken place. Id. (noting burial will take place on March 14, 2026). The Court therefore cannot find any current family circumstances that might bear on compassionate release. See

3

United States v. Barnhart, 704 F. Supp. 3d 679, 685 (W.D. Va. 2023) (denying motion for release to care for incapacitated elderly parent as moot because defendant's mother had died).

Nivar also cites "good behavior and demonstrated rehabilitation" as independent circumstances to warrant release. See Mot. at ECF p. 1. For example, she is "actively participat[ing] in programs" at the facility and staying "infraction free." Id. She is working diligently to earn good-time credits so that only a few months remain on her sentence. Id. It is true that federal courts may consider "rehabilitation in combination with other reasons warranting a sentence reduction." Lawson, 2022 WL 2663887, at *14. The law nonetheless is clear that rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S. Sent'g Guidelines Manual § 1B1.13(d) (citing 28 U.S.C. § 994(t)). Without evaluating the merits of Nivar's rehabilitation, the Court thus concludes that she has not established "extraordinary and compelling reasons" warranting a sentence reduction under Section 3582(c)(1)(A)(i). The Court consequently need not analyze the sentencing factors set out in 18 U.S.C. § 3553(a). United States v. Winston, 2021 WL 2592959, at *6 (D.D.C. June 24, 2021) ("[B]ecause [defendant] has not shown this threshold requirement for compassionate release, the Court need not consider whether the relevant § 3553(a) factors support a sentence reduction.").

Nivar, in the alternative, requests a "one-week furlough to attend [her] sister's . . . services." Supp. at ECF p. 1. Although seemingly reasonable, that request is now moot because the relief she asks for cannot be granted. As noted above, the funeral has already taken place. Even if services were still pending, as the Government points out, such a request must be directed to BOP. See ECF No. 107 (Gov't Resp.) at 15. Congress has authorized the Bureau to "release a prisoner . . . for a limited period" under certain circumstances, including the purpose of "visiting a relative who is dying" or "attending a funeral of a relative." 18 U.S.C.

§ 3622(a)(1)–(2).  "However, the plain language of § 3622 gives the BOP exclusive authority to determine if a federal prisoner should be granted a furlough."  Belt v. United States, 2014 WL 11960830, at *1 (D. Md. June 4, 2014).  The Court is powerless to order such relief.

**III.    Conclusion**

For the reasons explained above, the Court ORDERS that Nivar's Motion for Compassionate Release is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  March 23, 2026